UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ROBERT P. BASTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:20-cv-00283-TWP-MPB |
| ERIC J. HOLCOMB, | ) | |
| Defendant. | ) | |

**Entry Dismissing Complaint and Directing Plaintiff to Show Cause**

Plaintiff Robert Baston asserts a claim under 42 U.S.C. § 1983 and has paid the full filing fee. District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under § 1915(e) is an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

### I. Screening Standard

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has

happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original).

## II. Analysis

Mr. Baston names only one defendant in his complaint, Governor Eric Holcomb. Dkt. 1. He asserts several challenges to his state conviction for child molesting and seeks compensatory and punitive damages.

As presented, Mr. Baston's complaint must be **dismissed for failure to state a claim upon which relief can be granted**. To the extent Mr. Baston named Governor Holcomb as a defendant in his official capacity, "state officials in their official capacities are [] immune from suit under the Eleventh Amendment." *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Insofar as Mr. Baston names Governor Holcomb as a defendant in his individual capacity, "[i]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Mr. Baston has made no allegations that Governor Holcomb was personally involved in his prosecution and conviction.

## III. Opportunity to Show Cause

Mr. Baston's complaint must be dismissed for the reasons set forth above. He shall have **through May 1, 2020**, in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–955 (7th Cir. 2016) ("In keeping with this court's advice in cases such as

*Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

**IT IS SO ORDERED.**

Date: 4/10/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT P. BASTON
209210
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838