UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT P. BASTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00283-TWP-MPB |
| | ) |
| ERIC J. HOLCOMB State of Indiana Governor, | ) |
| | ) |
| Defendant. | ) |

**Order Dismissing Action and Directing Entry of Final Judgment**

On April 10, 2020, the Court screened plaintiff Robert Baston's complaint pursuant to 28 U.S.C. § 1915A. Dkt. 8. The Court dismissed Mr. Baston's complaint for failure to state a claim upon which relief can be granted. Mr. Baston's claims against Governor Holcomb in his official capacity are barred by the Eleventh Amendment. To the extent Mr. Baston asserted claims against Governor Holcomb in his individual capacity, such claims were insufficient because Mr. Baston did not allege that Governor Holcomb was personally involved in Mr. Baston's criminal prosecution and conviction. The Court granted Mr. Baston through May 1, 2020, to show cause why the Court should not dismiss the action and enter final judgment. *Id.*

Mr. Baston responded to the Court's order to show cause on April 28, 2020. Dkt. 13. He contends that he does not understand the law and that Governor Holcomb should be held liable for his alleged wrongful conviction in state court because he is the head of the State of Indiana. *Id.*

Mr. Baston filed this action under 42 U.S.C. § 1983. Although § 1983 allows litigants to seek redress for violations of their constitutional rights, *see* 42 U.S.C. § 1983, liability under § 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Although Governor

Holcomb is, as Governor of Indiana, in charge of all state agencies, he was not personally involved in Mr. Baston's criminal prosecution or conviction. Generally, an action brought under § 1983 and alleging wrongful conviction names as defendants individuals associated with the prosecution. *See, e.g.*, *Julian v. Hanna*, 732 F.3d 842 (7th Cir. 2013) (action against law enforcement officers); *Wilson v. O'Brien*, 621 F.3d 641 (7th Cir. 2010) (action against "persons associated with the prosecution, plus the City of Chicago").

In addition, Mr. Baston cannot bring a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see Hill v. Murphy*, 785 F.3d 242, 248 (7th Cir. 2015). Mr. Baston has not alleged that his conviction has been invalidated by the grant of a writ of habeas corpus.

Mr. Baston has failed to show cause why this action should not be dismissed for the reasons stated in this Order and the Court's Entry dated April 10, 2020. This action is **dismissed for failure to state a claim upon which relief can be granted**.

Because the complaint has been dismissed for failure to state a claim, Mr. Baston is assessed a strike and notified that upon receipt of three total strikes, he will not be permitted to proceed *in forma pauperis* in future litigation unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:   5/1/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT P. BASTON
209210
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838